## Coleman, Admr., et al. v. Huffman et al.

*David B. Skillman, George G. Shafer*, and *C. Edward DePuy*, for relator.

*Julius Levy, Harold C. Edwards*, and *Christie D. Shull*, for respondent.

FARR, P. J., forty-fourth judicial district, specially presiding, June 27, 1944.—This is a motion by counsel for the relator to dispense with a jury trial upon questions of fact raised by the pleadings in quo warranto, or at least that the court hold a preliminary hearing as in will cases to determine if there are serious questions of disputed fact. Counsel makes this latter suggestion in order that the case may be more promptly disposed of, and one of the authorities which he cites for such procedure is the Act of March 17, 1853, P. L. 685, sec. 2, 12 PS §2038:

". . . the suggestion may be filed, and all proceedings had in the supreme court, wherever the same may be sitting, and any questions of fact on which an issue may be ordered, shall be tried before a judge of the supreme court, and by a jury summoned from any county in which the supreme court shall be sitting at the time of such trial. . . ."

We believe this act was passed in consequence of the dilemma in which the Supreme Court found itself in the case of Commonwealth ex rel. O'Hara v. Smith, 4 Binney 116, in which an application was made to that court in the Western District for a writ of quo warranto. Owing to the fact that there was no provision in the law at that time for the summoning of a jury for the trial of issues of fact in such cases outside of the County of Philadelphia, the court refused the writ. So it will be seen that this act was passed in order to provide for the summoning of the jury and not to give discretion to the court as to whether it should dispense with the jury altogether in the deter-

mination of facts. In that case, as here, it was suggested that the court proceed to hear the case to the point where it could determine whether there were facts to be decided or not, and as to that suggestion the court said (p. 124) :

"The advocates for the motion, say that we ought to proceed until we meet with this impediment; that very probably no issue in fact will arise; and that if it should, it is time enough to stop, when we come to it. To this mode of reasoning I cannot accede. It behooves the court to look to their first step, or they may find themselves placed in a very undignified situation. I cannot consent to institute a proceeding, of which I do not clearly see the end, in which the defendant may baffle us at his pleasure, by insisting on an issue in fact, which it is not in our power to try."

In Hagner v. Heyberger, 7 W. & S. 104, the court said (p. 105) :

"To bring his right to a fair trial, you must proceed directly and frame the issue so as to try it; and in the trial of that right by quo warranto, the law secures to the defendant the privilege of a trial by jury in relation to contested facts, which would be taken away by the proceeding by injunction."

This question is rather fully discussed in 44 American Jurisprudence 171, Quo Warranto, beginning with section 110, which indicates that the absolute right of trial by jury of disputed facts does not prevail in all of the States. While the question has not been squarely decided in Pennsylvania, from the cases above cited we are convinced that in this State all questions of disputed facts must be determined by a jury. Were we not so convinced we would accede to relator's request because we feel that the case has been unduly delayed. While it is desirable that respondents' answer should more fully elaborate its denials and averments, yet it seems to us that the way the pleadings stand there may be numer-

ous questions of fact to be determined. Therefore we will follow the chart as indicated in the cases cited and refuse to dispense with a jury trial or to hold preliminary hearings to determine whether there are questions of fact. The issues are framed by the pleadings. We suggest that, if it is consistent with the rules of the court, the case be set at the head of the list for the next term.